**Gilma Yolanda NAVARRO–TERRERO; Gilma Yanely Martinez–Navarro, Petitioners**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 13–60534
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 23, 2014.

Weronika K. Costas, Beachwood, OH, for Petitioners.

James Adelbert Hurley, Tangerlia Cox, Robert Michael Stalzer, Esq., Trial Attor-

ney, Imran Raza Zaidi, Trial Attorney, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before REAVLEY, JONES and PRADO, Circuit Judges.

PER CURIAM: *

Gilma Yolanda Navarro–Terrero (Navarro) and her daughter, Gilma Yanely Martinez–Navarro (Martinez), natives and citizens of Honduras, petition for review of the denial of their applications to reopen proceedings. Generally, this Court has authority to review only the decision of the Board of Immigration Appeals (BIA), but we will consider the decision of the immigration judge (IJ) if that decision influenced the BIA's determination. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir.2007). Because the BIA agreed with the IJ's findings and conclusions, the IJ's findings are reviewable. *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir.2002).

Petitioners argue that the IJ and the BIA erred in denying their Motion to Reopen due to a lack of notice. Petitioners further contend that the evidence in the record presents a factual discrepancy as to whether Petitioners failed to provide an address to the Department of Homeland Security (DHS) and is therefore subject to the substantial evidence test. Findings of fact are reviewed for substantial evidence. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir.2009). We may not reverse factual

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Id.* at 537. While the record reflects affidavits from Petitioner Navarro and Petitioner's Aunt, Olga Mendez, attesting that Petitioners provided an address and phone number to a DHS officer who subsequently called and confirmed the address with Olga Mendez, this evidence is not compelling enough to conclude against the Notices to Appear (NTAs) signed by Petitioner Navarro and the Forms I–213. The record reflects that such forms were read to Petitioners in Spanish and (1) indicated that a U.S. address must be provided in writing, and (2) that Petitioners "failed to provide a U.S. address."

Accordingly, this Court holds that the BIA correctly concluded that the NTAs, signed by Petitioner Navarro, and the Forms I–213 were properly authenticated evidence that Petitioners did not provide a valid U.S. address to DHS. As such, the BIA was not obligated to send Petitioners notice of the hearing. This Court further holds that the BIA did not abuse its discretion in upholding the IJ's denial of reopening the proceedings due to a lack of notice and rescission of *in absentia* removal.

Lastly, with regard to Petitioners' request to reopen the proceedings based on asylum outside the legal time limit, the BIA correctly upheld the IJ's determination that Petitioners' motion to reopen had to be based on "changed country conditions." This Court does not have the jurisdiction to review this matter according to 8 U.S.C. § 1158(a)(3) which states in pertinent part "No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)" (which refers to applying for asylum outside the time limit based on changed conditions).

The petition for review is DENIED.